IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Jeffrey T. Maehr,<br><br>    Petitioner,<br>  v.<br><br>United States of America,<br><br>    Respondent. | NO. C 08-80218 JW<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS PETITION TO QUASH WITH PREJUDICE; DENYING PETITIONER'S MOTION FOR ENTRY OF DEFAULT** |

## I. INTRODUCTION

Jeffrey T. Maehr ("Petitioner") brings this petition to quash a third-party summons issued by the United States Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 7609. Presently before the Court is Respondent's Motion to Dismiss Petition to Quash.[1] The Court finds the matter appropriate for submission without oral argument. See Civ. L.R. 7-1(b).

On November 3, 2008, Plaintiff filed a document entitled "Petition to Quash Summons, Brief and Memorandum of Law, Declaratory Relief Request." (hereafter, "Petition," Docket Item No. 1). The Petition names as Defendants the United States and the IRS. The Petition and its attachments contain lengthy and incoherent allegations concerning, among other things, the purported inapplicability of the tax code to Plaintiff and that the IRS has "no jurisdiction over Petitioner because IRS denies it is a Federal Agency. . . ." (Petition at 7, sic.) Although the Petition and its

---

[1] (Motion to Dismiss Petition to Quash, hereafter, "Motion," Docket Item No. 3.) Petitioner has also filed a Motion for Entry of Default. (hereafter, "Default Motion," Docket Item No. 2.)

various attachments are vague and ambiguous, it appears that the Petition's primary goal is to obtain an order quashing an administrative summons issued by the IRS to PayPal, Inc. concerning Plaintiff.

The Court considers each motion in turn.

## II.  DISCUSSION

**A.    Respondent's Motion to Dismiss**

Respondent contends that the Petition should be dismissed for lack of subject matter jurisdiction because: (1) the October 10, 2008 summons was withdrawn and the Petition is moot; and (2) Petitioner failed to serve the Petition within the twenty-day time period of 26 U.S.C. § 7609(b)(2). (Motion at 1; Reply Memorandum in Support of Motion to Dismiss Petition to Quash at 1, hereafter, "Reply," Docket Item No. 7.)

**1.    Mootness**

Respondent contends that the Petition to quash the October 10, 2008 third-party summons is moot because the summons was withdrawn. (Motion at 1.)

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." City of Erie v. Pap's A.M., 529 U.S. 277 (2000). "To qualify as a case fit for federal-court adjudication, 'an actual controversy must be extant at all stages of review.'" Davis v. Federal Election Com'n, --- U.S. ----, 128 S. Ct. 2759 (2008).

In this case, the record shows that the IRS issued a summons to PayPal on October 10, 2008. (Motion at 1.) On the same day, the IRS sent Petitioner a notice of the summons by certified mail. (Id. at 2.) However, on October 23, 2008, the IRS withdrew the summons and issued a second summons and notice to Petitioner on the same day. (Id.) Accordingly, to the extent that this Petition is directed at the October 10, 2008, it is moot because that summons has been withdrawn.

**2.    Untimeliness**

In the alternative, Respondent contends that the Petition to quash the October 10, 2008 summons is untimely because Petitioner failed to file a motion within twenty-days as provided by statute. (Motion at 2.) Petitioner contends that, in light of the Paperwork Reduction Act ("PRA"),

2

1 the Court should apply the Petition toward the October 23, 2008 summons. (Motion to Deny
2 Motion to Dismiss Petition to Quash at 2-3, hereafter, "Opposition," Docket Item No. 5.)

3 "When an IRS summons is issued to a third party recordkeeper as defined in § 7609(a)(3),
4 the taxpayer, as a person 'entitled to notice of a summons' under § 7609(a), has twenty days from
5 the date of notice to bring a proceeding to quash the summons." Ponsford v. United States, 771 F.2d
6 1305, 1309 (9th Cir. 1985) (quoting 26 U.S.C. § 7609(b)(2)(A)). "The twenty-day filing
7 requirement of § 7609(b)(2)(A) is jurisdictional . . . because it is a condition precedent to the waiver
8 of sovereign immunity." Id. at 1309. The twenty-day period begins to run on the date that notice of
9 the summons is mailed to the taxpayer. Hill v. Mosby, 896 F. Supp. 1004, 1005 (D. Idaho 1995).

10 Here, it is undisputed that Petitioner did not file the Petition to quash the October 10, 2008
11 summons until November 3, 2008, which is a few days beyond the time allowed by the statute.
12 Petitioner contends that under the PRA,[2] the Court should construe his November 3, 2008 Petition as
13 one also directed toward the October 23, 2008 summons. First, the Court's docket does not reflect
14 that Petitioner ever filed any supplemental notice with the Court seeking that his Petition be
15 examined as to both summonses. Second, the Court finds that the PRA is inapplicable because is
16 well settled that IRS summonses are exempt from this Act. See Cameron v. IRS, 593 F. Supp. 1540,
17 1556 (N.D. Ind. 984), aff'd 773 F.2d 126 (7th Cir.1985).

18 In sum, the Court finds that it does not have jurisdiction to adjudicate this Petition to quash[3]
19 and GRANTS Respondent's Motion to Dismiss.

20 **B.    Petitioner's Motion for Default**

21 On December 1, 2008, Petitioner filed a Motion for Entry Default. Petitioner contends that
22 he is entitled to an entry of default judgment based on Respondent's failure to file an Answer to the

---

24 [2] The PRA is a United States federal law enacted in 1980 that gave authority over the
25 collection of certain information to the Office of Management and Budget (OMB). See 44 U.S.C. §§ 3501 *et seq*. The Act requires that documents issued by the OMB display a valid control number assigned by the Director of the agency. 44 U.S.C. § 3512.

27 [3] Since the Court finds that it lacks jurisdiction, it does not address Respondent's contention that the Petition is meritless.

28

3

Motion to Quash. (Default Motion at 1-2.) The Court finds that Petitioner's Motion is frivolous because Defendant filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b) which provides that no answer is required until the Court disposes of a motion to dismiss made pursuant to that rule. See Terry v. IRS, 1997 U.S. Dist. LEXIS 17025, at *6-7 (D.Ariz. Sept. 29, 1997). Accordingly, Respondent is not yet required to file an answer.

### III. CONCLUSION

The Court DENIES Petitioner's Motion for Entry of Default and GRANTS Respondent's Motion to Dismiss without leave to amend.

Dated: April 2, 2009

JAMES WARE
United States District Judge

**United States District Court**
For the Northern District of California

1  **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2  tom.moore@usdoj.gov

3
4  Jeffrey T. Maehr
   924 E. Stollsteimer Rd
   Pagosa Springs, CO 81147
5

6
7  Dated:  April 2, 2009                              **Richard W. Wieking, Clerk**

8                                                    **By:    /s/ JW Chambers**
                                                         **Elizabeth Garcia**
9                                                        **Courtroom Deputy**